Good morning, Your Honors, and may it please the Court. My name is Kyle Zimnick, and I represent Appellant Ileana Fischer. This Court found in Henderson that dismissal is a harsh penalty and is to be imposed only in extreme circumstances. Those circumstances are limited. Either a party deserves to lose on the merits, or a party deserves the extreme punishment of dismissal. But neither of those things was true of Ms. Fischer. Yet the Court below dismissed her case with prejudice. So this Court should reverse that order. To this end, we offer three arguments. First, that the lower court's granting of a Rule 12 dispositive motion based solely on the failure to file a response violates the Federal Rules of Civil Procedure and this Court's precedent. Secondly, that under this Court's five-factor test for dismissal, the lower court's order was an abuse of discretion. And finally, as to the merits, that Ms. Fischer's complaint stated a claim of plausible copyright infringement. To the first argument, the lower court's application of its local rule. The lower court didn't just dismiss Ms. Fischer's complaint. It granted a substantive motion for judgment on the pleadings filed by Ms. White. This Court has laid out exactly what the standard is for a 12C motion like that. In Gregg v. Hawaii Department of Public Safety, this Court found that if taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. Let me ask you one question I have about this line of argument. It seems that there are actually textual differences between Rule 56 and Rule 12 that are also reflected in the advisory committee notes. And so how are we to account for that difference? Yes, Judge Koh. I would look to this Court's interpretation of Rule 12C and the text of Rule 56. I believe that's the other rule you're referring to here. And they're extremely similar. Rule 56 ends the test for summary judgment ends by noting that the movement must be entitled to judgment as a matter of law. And the same is true under Gregg for Rule 12C. And because that standard is the same, this Court can determine whether No, that standard is not in the text of Rule 12. And the advisory committee notes for when Rule 56 was amended, you know, so prior to 2010, Rule 56 said that if the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party. And that language was specifically changed to that the Court may grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show that the movement is entitled to it. And then the note says specifically summary judgment cannot be granted by default, even if there's a complete failure to respond to the motion. So those changes made in 2010, both to the text of the rule and the notes, none of that is in Rule 12. That's true, Your Honor. Yes. So how are we supposed to account for those textual differences and the differences in the notes? Well, Your Honor, first of all, those advisory committee notes and the text of Rule 56 are not the only reasons why eight circuits have held, well, why all circuits have held that Rule 56 motions can't be granted simply for a failure to file. It's because of the posture and because of the substantive standard that is set forward in Rule 56. But then doesn't 12d put the posture of B6 and C on the same footing different from Rule 56? Your Honor, that's right. It is on a different footing. And we're not arguing that Rule 12c and Rule 56 are identical. Obviously, they do have different standards. But it seems like 12d is best read as distinguishing both 12b6, which is controlled by Ghazali, I think you'll have to concede that, and 12c are separate for purposes of we don't need anything more. The Court can do this in this posture, distinguishing it from Rule 56, because if 12b6 and 12c do present something that resembles summary judgment, only then, and that I don't understand is an argument you're making, only then is it converted to a 56 where Ghazali would not apply and Henry comes in, right? Your Honor, we contest that Ghazali controls Rule 12b6 motions. That case never affirmatively held that failure to file a response to a Rule 12b6 motion did not constitute a violation of the Federal rules or of this circuit's precedent. And in the explicit circuit split over whether 12b6 motions are considered to be granted or be able to be granted just solely on a failure to file a response, courts have stepped in explicitly to say whether or not that the rule is violated. And Ghazali, that didn't happen. Well, what are we supposed to do with that, then, because it clearly is the holding that 12b6 can be dismissed in this posture, regardless of whether, I mean, the fact that the parties didn't raise or the Court didn't address Rule 83, does that allow us to get around our Miller v. Ghami rule for following our precedent? Yes, Your Honor, because in Ghazali, the holding was that discretion needed to be exercised when dismissing a case for failure to follow local rules. The holding wasn't that cases could be dismissed solely for failure to file a response. And I'd point to, we cited a student note in our brief on page 18, a 2022 student note from the Fordham Law Review, and that note didn't take Ghazali into account as the Ninth Circuit's entry into this 8-to-1 circuit split. I'd also point to the Seventh Circuit's decision in Marcure v. Lynn, which also surveyed the circuit split on this issue and did not note Ghazali as the Ninth Circuit's entry into this  And I'm as appreciative of the student scholarship as the next judge, but can I ask you a question on the Ghazali piece itself? I mean, in this case, the plaintiff both parties were warned of dismissal under Local Rule 712. Why isn't that enough in this case to, if we get to the abuse of discretion, to authorize the judge's use, exercise of discretion? That's because, Your Honor, the test under both Ghazali and Henderson and the five-factor test that this Court has established is not whether both parties are on notice that the case could be dismissed. It's whether or not the district court abused its discretion under those five factors. And the factors that are at play are whether or not there was an unreasonable delay, a summary of those first two factors from Henderson, and whether there was a risk of prejudice to the defendant. So the question isn't whether the parties were on notice, but whether under those particular metrics that the order was an abuse of discretion. And in this case, it was. If there was any delay in this case, it was at most 13 days, and it was unavoidable for Ms. Fisher because Ms. White had not followed the procedural rules, had pushed back her second motion for judgment on the pleadings until past when Ms. Fisher's deadline to file was. So can we can we let's look at the facts here. So Ms. Fisher's initial extension request on April 5th requested a 45 to 60 day extension. That extension would have expired on June 4th, which was a day before her opposition to the motion for judgment on the pleadings was due. And so we don't have anything in the record saying she still needed that extension beyond the time that she requested. And then on May 30th, Ms. Fisher files a proof of financial hardship and a request to go to trial and proof of service. So clearly she was able to prepare her legal documents and file them in that window. She could have easily filed another extension request if she needed one, right? Your Honor, it's true that it was technically possible for Ms. Fisher to file a response, but there's a difference between a substantive response to a legal brief and those more technical documents that Ms. Fisher filed. But she could have filed an extension request. She knew how to do that because she already did one on April 5th, right? Yes, Your Honor. She could have. But under the tests that ask whether or not unreasonable delay was caused or the defendant was prejudiced, neither of those things occurred. Thank you, Your Honors. You know, I had one more question for you. Yes, Your Honor. Your whole point is that, hey, when people don't respond, you should not deem that as a concession. But in your reply brief, you seem to do that in a number of points where you say, again, Ms. White has no response to any of these points and should be deemed to concede them. Page 10, page 8, Ms. White offers no response to any of these points explained in her opening brief and should be deemed to concede them. Aren't you sort of doing what you're asking us to find was not proper below? Your Honor, we're not because the standards are different. The result of failure to file being deemed consent to the granting of a dispositive motion in the context of a Rule 12 motion is that the case is over and that the plaintiff has no further recourse. In the context of a brief, a dropped argument when two parties are going back and forth over legal arguments, that's not the consequence dismissal and dismissal is treated differently in this court. Thank you, Your Honors. Thank you. And we'll give Mr. Fitzpatrick three minutes. Morning, Your Honors. I'm Chris Chapin. I represent Angela White. And I'm just about ready to submit on the briefs. I don't think you should, but go ahead. Well, the district court did with the only thing he could do when Ms. Fisher failed to respond to our motion for summary judgment. Under the local rules, pro se litigants are required to follow the rules and she did not. Well, I guess the district court doing what it had to do is one of my questions in this case. You've characterized this as an exercise of discretion. Was there any discretion at all in the court's order? The local rule appears to just require it, so it seems odd that we should even review it for an abuse of discretion. The judge had to apply his discretion to dismiss the case. Well, that's not what the local rule says. The local rule says it's consent. And once there's consent, I mean, what's... It may be deemed consent. And that's up to the judge to decide. And do we have any other guidance as to how the judge exercised that discretion than the order itself from the district court? Not that I'm aware of. So when we're looking at the different prejudice factors, one of them, the first couple go to expeditious resolution and the district court's management of its own docket. I'm not sure which way that cuts, given how much slack the district court cut the defendant in this case, right? In other words, if we're to read the district court as dismissing because we've got to move things along here, it doesn't seem like the district court took that same approach with your client. And so we may not credit that with much weight. Well, I don't know what the district court thought. I just know he dismissed with prejudice. And I'm sure he looked at the merits of the case. He didn't say that he did, but he must have. Well, that would be troubling for purposes of our appellate review, right? Because if the merits are in, that then becomes a different standard of review. So as I understand it, we're just looking at whether the judge exercised their discretion. And even under your argument, they have to meet the five elements there. So I guess what I'm saying is that given that the defendant had done some things that extended the litigation, why should the plaintiff's delays count in your favor? What did we do to delay the litigation? Well, not filing proper orders. The defendant violated a lot of the local rules. That was a technical failure, which was remedied the next day. Why is the failure to file an extension when the plaintiff has already shown a failure to file a — has already filed an extension? Why is that not also just a technical error? You're not suggesting that there's anything that the plaintiff actually substantively consented. The plaintiff just didn't respond. Well, I don't know that she didn't. I mean, she — as you pointed out, she filed a statement of financial hardship and a request to go to trial. She was perfectly capable of filing another request for extension. She knew her time had expired. And I don't see that there was anything else for the judge to do. It's not — she didn't miss a deadline. She didn't file late. She didn't file at all. And did you — I mean, but there was no order to show cause. There was no — I mean, you do have the — a defendant has the possibility to raise a failure-to-prosecute motion, something else. But you didn't do anything, right? I mean, it's fair to say that you didn't necessarily — you didn't ask for this ruling, right? There was no motion to set this up. It was just by operation of the rule, right? Of course we asked for the ruling. We brought a motion for judgment on the pleadings. You — well, you didn't ask — you didn't ask the plaintiff for her consent. And you didn't — you didn't tee this up in front of the court. We had a meet-and-confirm where we explained to her what our position was, and she explained hers.  But in terms of the technical, basically, what this rule considers a waiver, not even just a forfeiture, but actual consent to this, there were no discussions between either you and the plaintiff or between you and the court to tee up this, basically, default ruling under the rule, right? There were no discussions, no. Right. So — and, of course, you could have, if you thought that — if you had the same concerns that you're now attributing to the district court, could you not have brought a failure to prosecute or other motion to bring to the court's attention your view that the Ghazali factors were met, that the case was taking too long, that we should move things along? Well, we had the rules. We had the local rules. And when we brought the motion and she didn't respond, they granted — the court granted our motion. There wasn't anything else for us to do. Is there any — I tried to look at this a little bit, and most of these cases are unpublished. I'm not sure there's any — is there any case published since Ghazali dealing with the Rule 12 motion? Correct me if I'm wrong, but are you aware of any case published or unpublished where we've dismissed for a delay of, at most, between two weeks and three months? Well, there's two cases we cited — excuse me a moment — Harani versus Blinken in the Southern District of California, where a motion was granted for a failure to file an opposition. And then in the Northern District in California, Barrera versus Department of Homeland Security. And how long were the delays, as far as we can tell, in those cases? It wasn't a delay. This is — I have a problem with you calling it a delay. It's not that she did it something late. She didn't do it at all. Right, but Ghazali — do you — are we not required to examine the district court's exercise of discretion under the Ghazali factors, which go to both prejudice on the one hand and expeditious resolution on the other? Yes. Why am I — why would it be wrong? It seems in those cases that we have looked at the delay. So where — basically, Ghazali — I mean, Ghazali incorporates our failure-to-prosecute standard, doesn't it? I mean, that's — and usually delay plays into that. So I guess that's what I'm troubled. I guess if it were a day late and it were dismissed, do you think it would be a different case? Well, that would be different, because then she would have actually filed something. If it were late, that's a different analysis. The district court — there was no order to show cause or anything. So it could have been what if — what if she had it on her desk, was just about to hit send on PACER, ready to file it, and the order comes in? Then she could ask for reconsideration.  I see. Yes. You didn't address the fourth and fifth Ghazali factors, the public policy favoring disposition on the merits and the availability of less drastic sanctions. So are you conceding those? Which ones? I'm sorry. The public policy favoring decision on the merits. Yeah. And then less drastic sanctions. You didn't address those. So you're conceding those, right? Okay. All right. So those very strongly weigh against dismissal. And as Judge Johnstone's pointing out, the delay here at most, maybe 17 days at the most, seems minimal. And if we look at the other factors, they seem to be neutral or very — maybe slightly weighing in favor of dismissal. So why shouldn't we reverse here? I mean, there were no consideration of less drastic sanctions, right? At all. Well, I don't know what a less drastic sanction would be. Dismissal without prejudice. And how could she amend? She's got one thing that she says is a copyright infringement. Well, there's been no ruling on the merits here. I know. So I guess I don't see why she wouldn't have any difficulty just refiling even the same complaint. There's been no decision on the merits. So we don't know whether that's a valid claim of copyright infringement or not, right? I'm sorry. Excuse me. We don't know whether that's a valid — whether the district court thought it was a valid claim of copyright infringement or not. I guess it seems like if you're conceding number four and number five, and the delay seems minimal at most, 17 days, then — But the delay — I'm sorry, the delay for what? What was the delay? Well, actually, let me ask you that question. Because you just say, oh, she caused — Ms. Fisher caused unreasonable delay. How did she cause — We didn't say that. — unreasonable delay. Okay. So you don't believe she's caused unreasonable delay. So then does the first Ghazali factor, the public interest in expeditious resolution of the litigation, also weigh against dismissal then? Must be, right? I guess so. Okay. So then do you also concede that the second Ghazali factor, the court's management of its docket, also weighs against dismissal? No. I say that weighs for dismissal. Okay. Okay. So that's the only one of the factors that you think weighs in favor of dismissal. So four factors weigh against dismissal and one in favor. So I don't see how that's not an abuse of discretion. I don't have anything else to say. Okay. Do you have any further questions? No. Thank you for your — Okay. Thank you very much. Thank you.  Thank you.         Go ahead, please. May it please the Court, Connor Fitzpatrick for Ms. Fisher. It seems that the Court has a good handle on the abuse of discretion standard here and it appears that Ms. White has conceded that point. So, I'd like to spend the balance of our time talking about Ghazali and whether Ghazali controls. Now, we've read Ghazali many times and we've tried to rationalize. Can I just tell you what is sort of bothering me on this line of argument? Is that Rule 83 requires that local rules be consistent with federal statutes and rules. And that doesn't seem to include judicial interpretation of the rules. And so, unlike Rule 56, where the burden of proof is in the statutory text, even the Seventh Circuit in Lynn conceded that, right? Even the Seventh Circuit in Lynn said, yeah, well, 56, they talk about the allocation of burden of proof. But Rule 12 doesn't. So you're asking us then to read in judicial interpretation into the phrase federal statutes and rules. And that's where I'm still having some difficulty following your argument. Yes, Your Honor. And we think that it is a rule under Rule 12 that you have to apply the Twombly and Iqbal standard and the Gregg standard. The fact that's still case law, right? That's not looking at the statutory text. Yes, that's correct. But we still think that that's a binding rule. And the operative text that you're looking at is statutes and rules. I don't think it would be appropriate for a district court to say we know that we have But hang on. Let's look at that language. That language is statutes and rules, and then it says adopted under 28 U.S.C. Sections 2072 and 2075. And so if you look at those, it's very clear that they're not talking about Twombly and Iqbal in case law. Those are specifically talking about, you know, the Supreme Court having the power to prescribe these general rules and then transmitting them to Congress by May 1st. And if Congress doesn't act, then they become effective December 1. So that's not referring to Twombly and Iqbal, right? If you look at the rest of the language in Rule 83. Well, I think Rule 83 would have a problem if a district court came out and said, we know we have this case law on what is required for us to do under Rule 12, but we think it would be more expeditious if instead we went back to notice pleading. We think that would be in the interest of justice. I mean, that would be clearly against this Court's case law and Supreme Court case law. Well, I guess maybe it's just a quibble, but Twombly and Iqbal, I read, are interpretations of Rule 8, not Rule 12. Yeah, I think that's right. But we've looked at our Rule 12 standards under some of those precedents. And maybe it would be Gregg and Chavez from this circuit that we would be looking at a little more. And those are very explicit, that this the district courts have to weigh what the actual substantive standards are. But I guess, again, I'd come back to Rule 12d. It seems like the rules contemplate an instance where summary judgment-type weighing is necessary. The very nature of judgment on the pleadings and this implied default through the rule is that the judge has all they need to know with the complaint and answer. And if there's no answer, you deem the complaint as, you look at the complaint and say, does this state a claim? If you have an answer, then it adds another element. So what else does a district court have to do other than that in terms of a rule like the local rule here? I see that my red light is on, Your Honor. Do I have leave to respond? Please. I think that underscores our point that in the Rule 12 context, it's a motion at law. There's no question of fact here. With Ms. Fisher's complaint, the court has all it needs to adequately assess the case, assess the merits, and then make a ruling on that basis. And then a response, as the majority of circuits has held, is not required for the district court to make that answer. Thank you, and we urge this court to reverse. All right. Thank you to all counsel for your helpful arguments. That case is now submitted.
judges: HURWITZ, KOH, JOHNSTONE